UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| PAUL A. GEMMINK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:12-cv-32-jgm |
| | : | |
| JAY PEAK, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

RULING ON DEFENDANT'S MOTION TO EXCLUDE
(Doc. 31)

I.   Introduction

In this diversity action commenced in February 2012, pro se plaintiff Paul A. Gemmink ("Gemmink" or Plaintiff) asserts a premises liability claim against Defendant Jay Peak, Inc. ("Jay Peak" or Defendant) stemming from a February 2011 collision between Gemmink and an unidentified skier or snowboarder on Jay Peak's premises.  (Doc. 1.)  Jay Peak moves to exclude Gemmink's medical expense and income loss claims for failure to disclose, supplement, and support via expert testimony.  (Doc. 31.)  Gemmink opposes the motion.  (Doc. 37.)

II.   Discussion

Defendant moves to exclude medical expense claims and income and/or business loss damages alleging Gemmink has "failed to meet the mandatory disclosure requirements under the Federal Rules, failed to provide evidence in response to Interrogatory and/or Request to Produce, failed to support via expert testimony, and failed to supplement under F.R.C.P. 26(e) for each of these damage elements."  (Doc. 31 at 1.)  Jay Peak relies on Federal Rule of Civil Procedure 37(c)(1) which allows a court to bar use of withheld information "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Defendant asserts Gemmink's initial disclosures, served August 17, 2012, did not include

required computation or documentation of claimed expenses or income loss and Gemmink's interrogatory and request to produce responses did not include requested records or evidence of medical or personal expenses and included only four documents relating to income loss.  (Doc. 31 at 3-4.)  Jay Peak seeks an order preventing Plaintiff "from presenting any claim or evidence of any medical expenses, personal expenses, and/or medical travel expenses as damages at trial . . . and any claim or evidence to support any lost income or business loss damages (past or future) arising out of the injuries subject [sic] of this claim."  (Doc. 31 at 6.)

      Because Gemmink is a pro se litigant, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers."  Hugues v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted).  The Second Circuit cautions courts to exercise particular restraint when considering imposing sanctions on pro se litigants.  Nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).  The Second Circuit has affirmed dismissals of actions brought by pro se plaintiffs as a sanction for their violations of discovery orders when they have been given prior warning that further violations will likely result in sanctions.  See, e.g., Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990); McDonald v. Head Crim. Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).  The Court notes Gemmink is an attorney registered to practice in Ontario, Canada.  Gemmink Aff. ¶ 1 (Doc. 33).

      Gemmink opposes the motion arguing principally that complete documentation of his loss of income claim would not be available until two years after the accident and Defendant did not express concern with the delay in receiving the information, rendering the failure substantially justified, and, if there was a failure, it was harmless.  (Doc. 37 at 1-4.)  He further notes he was unaware a motion to exclude was possible.  Id. at 2.  Gemmink admits to a breach of Federal Rule of Civil Procedure Rule 26(a) with regard to his personal expenses but again argues he should not be

precluded from seeking these expenses because there has been no harm to Defendant. Id. at 4-5. With regard to his income loss damages, he notes Rule 26(a) requires initial disclosure of "a computation of each category of damages . . . based on the information then reasonably available," Rule 26(a)(1)(A)(iii), (a)(1)(E), and the information was not yet available. (Doc. 37 at 2.) Gemmink suggests the Court order Plaintiff's expert report on loss of income be submitted within sixty days and, with respect to expenses, allow Defendant to renew its motion upon receiving the materials. Id. at 6.

A district court has wide discretion to impose sanctions under Rule 37 and a decision on a motion for discovery sanctions is reviewed for abuse of discretion. Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006). Evidence preclusion is generally disfavored, Kunstler v. City of New York, 242 F.R.D. 261, 265 (S.D.N.Y. 2007) (citation omitted), and "is a harsh remedy preserved for exceptional cases where a party's failure to provide the requested discovery results in prejudice to the requesting party." Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) (internal quotation marks and citation omitted). In exercising discretion, the Court should consider: (1) Gemmink's explanation for the failure to comply; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by Jay Peak; and (4) the possibility of a continuance. Design Strategy, 469 F.3d at 296.

Initially, the Court notes while Jay Peak relies on Rule 37(c), it chose not to employ Rule 37(a) to move the Court for an order compelling disclosure or discovery. See Fed. R. Civ. P. 37(a). Rule 37(a) is the basic motion for enforcing discovery obligations. 8B Charles Alan Wright et al., Federal Practice & Procedure § 2285, at 487 (3d ed. 2010). It may be used to compel disclosure when a party fails to make a disclosure required by Rule 26(a), Fed. R. Civ. P. 37(a)(3)(A), and to compel discovery when a party fails to answer an interrogatory, Fed. R. Civ. P. 37(a)(3)(B). The

proper remedy for incomplete answers to interrogatories is a motion to compel under Rule 37(a). Federal Practice & Procedure § 2291, at 636.

The Court, in its discretion, declines Jay Peak's preclusion request as too harsh and unwarranted by the record where Gemmink is proceeding pro se, has not been previously warned that obstruction of the discovery process could lead to such a result, and Jay Peak made no attempt to move to compel the discovery. Gemmink has stated the income loss damages information was not available until earlier this year and, though the personal expenses information could have been provided, Jay Peak was not without notice these categories of damages would be claimed. Indeed, precluding evidence of these damages claims would prevent Gemmink from proving the bulk of the damages Gemmink seeks in this personal injury action. The Court finds any potential prejudice to Jay Peak can be cured by an additional period to examine new information. The present motion was filed prior to the close of discovery in this case and the trial readiness date of June 28, 2013, in the current discovery order, has passed requiring a new trial date and a continuance notwithstanding the outcome of this ruling. Accordingly, the Court denies Jay Peak's motion to exclude and orders Gemmink to produce all requested medical and personal expense and income loss damage materials, as well as an expert report on loss of income, if elected, by August 30, 3013.

IV.     Conclusion

For the reasons stated, Jay Peak, Inc.'s motion to exclude (Doc. 31) is denied. Gemmink shall produce all requested medical and personal expense and income loss damage materials, as well as an expert report on loss of income, by August 30, 2013. Gemmink is warned failure to obey this Court's order may result in exclusion. The Court further orders the parties to submit a revised discovery schedule, on or before July 31, 2013, including, if necessary, additional expert deposition deadlines, an extended dispositive motion deadline, and a new trial readiness date.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of July, 2013.

                                                    /s/ J. Garvan Murtha
                                                    Honorable J. Garvan Murtha
                                                    United States District Judge